**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PAPE DEMBA SOW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:26-cv-888 |
| ACTING FIELD OFFICE DIRECTOR OF PENNSYLVANIA IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, | ) | Judge Marilyn J. Horan |
| | ) | |
| Respondents. | ) | |

**ORDER**

Presently before the Court is Petitioner Pape Demba Sow's ("Petitioner") Motion to Cure Deficiencies on the Proceeding (ECF No. 10) and Respondents' Response (ECF No. 12). Upon review of the parties' initial and subsequent filings, the Court will **DENY** Petitioner's Motion to Cure Deficiencies on the Proceeding; however, for the reasons discussed herein, this Court will order a § 1226(a) hearing with the burden of proof by clear and convincing evidence imposed upon the Government.

## I. Factual Background

On May 13, 2026, Petitioner filed a Petition for Writ of Habeas Corpus. ECF No. 1. The Court granted this Petition in part on June 17, 2026, ordering Respondents to provide Petitioner with an individualized bond hearing by June 24, 2026. ECF No. 5.

On July 6, 2026, Petitioner filed a Motion for Bond Hearing, alleging that the hearing had not yet occurred. *See generally* ECF No. 6. In their response to this motion, Respondents stated that the hearing had not occurred to give Petitioner more time to prepare evidence, but they noted that they had "no objection to a new custody redetermination hearing being scheduled" by this

Court. *See* ECF No. 8, p. 3. Unbeknownst to the Court, Petitioner then received a bond hearing on July 13, 2026, in which the immigration judge denied bond based on flight risk. *See* ECF No. 12, p. 3-4; ECF No. 12-1; ECF No. 12-2, p. 1.

On July 14, 2026, the Court granted Petitioner's Motion for a Bond Hearing, ordering that the hearing be conducted by July 21, 2026. *See* ECF No. 9. As a result, Petitioner received a second bond hearing on July 20, 2026, before the same immigration judge, and after reviewing her previous findings and Petitioner's "newly filed evidence[,]" the immigration judge denied bond again. *See* ECF No. 12, p. 4; ECF No. 12-3; ECF No. 12-4, p. 1.

On August 31, 2026, Petitioner filed a Motion to Cure Deficiencies on the Proceeding, alleging that the immigration judge was not neutral and did not consider his evidence. *See* ECF No. 10, p. 1-4. He also asserts that his detention has become unreasonably prolonged under *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020); and thus, it "violates the Due Process Clause of the Fifth Amendment." *Id.* at 4-10. As relief, Petitioner requests immediate release or a bond hearing in which the government bears the burden of proof to justify continued detention by clear and convincing evidence. *Id.* at 10.

In turn, Respondents argue that Petitioner did not exhaust his administrative remedies; that his bond hearing was fundamentally fair; and that "Petitioner's challenge to his detention pursuant to *German Santos* should fail." *See* ECF No. 12, p. 5-13.

## II. Review of Initial Bond Hearing

Federal courts "lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision," but may "review whether the bond hearing was fundamentally unfair" such that it violates the detainee's due process rights. *Ghanem v. Warden*

*Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *see also Mujica-Marquez v. Hoover*, No. 4:26-CV-00623, 2026 WL 1483740, at *2 (M.D. Pa. May 27, 2026) (concluding that “beyond a court’s ability to examine the constitutional adequacy of a bond hearing, it is well established that a court has the inherent power to enforce its own orders” (internal quotations removed)).

The United States Court of Appeals for the Third Circuit has advised that a bond hearing under 8 U.S.C. § 1226 is “fundamentally fair,” and thus satisfies due process, if three essential elements are present: (1) factfinding based on a record produced before the decisionmaker and disclosed to the detainee; (2) the detainee is allowed to make arguments on his or her behalf; and (3) the immigration judge makes an individualized determination of the detainee’s interests. *Ghanem*, 2022 WL 574624 at *2.

When making this individualized determination, the “[m]echanistic reliance on factors that are common to all § 1226(a) detainees will not suffice” to satisfy due process. *See Mujica-Marquez*, 2026 WL 1483740, at *4 (citing *Santos v. Lowe*, No. 1:18-CV-1553, 2020 WL 4530728, at *3 (M.D. Pa. Aug. 6, 2020)). “For a bond hearing to adequately provide an individualized determination, any evidence relied upon by an immigration judge must be individualized and support a finding that continued detention is needed to prevent the detainee from fleeing or harming the community.” *Id.* Yet an immigration judge “need not discuss each and every piece of evidence…when rendering a decision, as long as that decision is substantially supported[.]” *See Akbarov v. AG United States*, 629 F. App’x 309, 312 (3d Cir. 2015) (quoting *Yan Lan Wu v. Ashcroft*, 393 F.3d 418, 425 n.10 (3d Cir. 2005)).

After conducting a review of the parties' filings and the transcripts provided by Respondents, the Court concludes that the bond hearings provided by the immigration judge to Petitioner were fundamentally fair and did not violate due process. In concluding that Petitioner was a flight risk, the immigration judge provided the following statement in her first written order:

> The Court considered the following, including but not limited to, in making this determination: Respondent is a recent entrant to the United States. He entered 12/26/2023 illegally. Respondent has no familial ties to the United States and very limited community ties. The Court does not have evidence of regular gainful employment. Respondent had a merits hearing on his I-589 application on 12/25/2025. Following which, the immigration judge denied all relief and ordered respondent removed. Significantly, the immigration judge made an extensive adverse credibility finding. Respondent does not have a reasonable chance of success on appeal. Respondent has no viable pathway to lawful status. As such, he has no incentive to appear for any immigration matter if he is released.

ECF No. 12-1, p. 1. Then, in the second bond hearing, the immigration judge considered Petitioner's additional letters of support on the record and reiterated her decision:

> Reading those letters, though, sir, does not change my prior decision. Okay? You still entered the United States illegally, and you're fairly -- you fairly recently entered. You have no family ties in the United States and very little community ties. You have no gainful employment, or at least you haven't provided me evidence of gainful employment. Okay? And you already had your immigration hearing on your application, and you were denied relief and ordered removed from the United States. Okay, so I'll send the order to you, sir. You have the right to appeal the decision.

ECF No. 12-3, p. 8.

In both hearings, the immigration judge weighed several factors on the record, provided Petitioner with an interpreter, and gave Petitioner an opportunity to present argument and evidence. *See* ECF No. 12-1; ECF No. 12-3, p. 2-9. Although Petitioner may disagree with the immigration judge's decision, "[a] motion to enforce a judgment is not the proper avenue to relitigate the merits

of a bond order." *Ghanem*, 2022 WL 574624, at *2. Rather, such disagreement is properly raised on appeal of the bond denial to the Board of Immigration Appeals ("BIA").

### III. Review of the *German Santos* Factors[1]

With regards to Petitioner's second claim, this Court and other courts in this District have previously concluded that Third Circuit precedent does not categorically foreclose a burden-shifted bond hearing for § 1226(a) detainees experiencing prolonged detention. *See, e.g., Bah v. Oddo*, No. 3:26-CV-01393, 2026 WL 2561261 (W.D. Pa. Aug. 31, 2026); *Fadel v. Warden of Moshannon Valley ICE Processing Ctr*., No. 3:26-cv-00625, 2026 WL 1649901, at *2–3 (W.D. Pa. June 8, 2026). As such, the Court will evaluate the following four *German Santos* factors to determine whether Petitioner is entitled to a second bond hearing under § 1226(a): (i) the duration of detention; (ii) whether the detention is likely to continue; (iii) reasons for the delay; and (iv) whether the detainee's conditions of confinement are "meaningfully different from criminal punishment." *German Santos*, 965 F.3d at 210–11.

First, when considering whether detention has become unreasonable, "[t]he most important factor is the duration of detention." *See id.* at 211. While there is no bright-line threshold of time that permits a court to presume that detention has crossed the line from reasonable to unreasonable, detention does become "'more and more suspect'" the longer it continues. *See id*. (quoting *Diop v. ICE/Homeland Sec*., 656 F.3d 221, 234 (3d Cir. 2011)). In particular, "[c]ourts within this circuit

[1] Generally, a petitioner cannot amend his habeas petition by asserting new claims and theories in a subsequent motion. *See Mack v. Oliver*, No. 2:21-CV-593, 2024 WL 1468376, at *5 (W.D. Pa. Apr. 4, 2024) ("A habeas petitioner cannot raise new habeas claims in a Reply or in other subsequent filings."). However, because Petitioner is pro se and both parties have briefed the *German Santos* factors on this record (*see* ECF Nos. 10; 12), the Court will review this claim now, rather than requiring Petitioner to file a Motion to Amend and ordering Respondents to file a duplicative response.

have previously found detention for over one year weighs in favor of the petitioner." *See Nyamekye v. Oddo*, No. CV 22-240J, 2023 WL 9271844, at *3 (W.D. Pa. Mar. 28, 2023), R&R adopted, No. CR 3:22-CV-240, 2023 WL 9271879 (W.D. Pa. May 4, 2023).

Here, Petitioner has been detained for over a year. *See* ECF 12, p. 10. This duration is longer than the detention period which triggered a burden-shifted bond hearing for another § 1226(a) petitioner before this Court. *See Bah*, 2026 WL 2561261 (eleven months). Thus, this first factor weighs in favor of Petitioner.

Next, when evaluating the second factor, a habeas court must consider "whether the detention is likely to continue." *German Santos*, 965 F.3d at 211. Here, Respondents claim that Petitioner failed to file a brief in his BIA appellate proceedings, so "it is probable his case will soon be denied." *See* ECF No. 12, p. 11. In contrast, Petitioner merely states that his case is ongoing (*see* ECF No. 10, p. 6), but does not address his alleged failure to file and does not state his intention to appeal any adverse decision from the BIA to the Third Circuit. *See generally* ECF No. 10. As such, because Petitioner's appellate proceedings appear to be reaching their end, but there is no clear end date alleged, this factor is neutral as to both parties. *See Trabanino v. Oddo*, No. 3:26-cv-175, 2026 WL 1893529, at *5 (W.D. Pa. July 1, 2026) (holding that this factor is neutral where the briefing schedule had been issued, but there was no final determination).

Third, in assessing the impact of the reasons for delay upon the reasonableness of detention, a petitioner's "appeals and applications for discretionary relief [are not held] against him[.]" *German Santos*, 965 F.3d at 212. However, neither are delays or alleged errors held against the government "[a]bsent carelessness or bad faith[;]" for "[n]o system of justice can be error-free, and those errors require time to fix." *Id.* (citing *Diop*, 656 F.3d at 234). Here, the parties do not

allege any delays by the other party. *See* ECF 10, p. 7; ECF 12, p. 11. Thus, this factor remains neutral.

Finally, when assessing the reasonableness of a petitioner's detention, "we cannot ignore the conditions of confinement." *German Santos*, 965 F.3d at 212–13 (citing *Chavez-Alvarez,* 783 F.3d at 478). In particular, a district court must examine the factual circumstances particular to the petitioner in order to assess whether "his detention is indistinguishable from criminal punishment[,]" "[d]espite its civil label[.]" *See id.* at 210.

Here, Petitioner contends that his conditions of confinement at Moshannon Valley Processing Center ("MVPC") are "not meaningfully different" from criminal punishment because he is "held at a former prison facility and restricted from moving freely." *See* ECF No. 10, p. 7. He also cites to several reports and cases detailing the general conditions at MVPC over the past six years. *See id.* at 8. In turn, Respondents argue that Petitioner "fails to present any specific conditions of his confinement that render his confinement meaningfully different than criminal punishment" and assert that Petitioner is "not 'detained in prison alongside convicted criminals,' nor has he been confined to his cell for twenty-three hours per day[,]" as experienced by the *German Santos* petitioner. *See* ECF No. 12, p. 12.

The Court agrees with Respondents that Petitioner fails "to provide any evidence related to h[is] specific factual circumstances of confinement" and instead recites "generalizations of others' conditions and reports." *See* ECF No. 10, p. 7-8; *Lindsay v. Oddo,* No. 3:26-CV-1369, 2026 WL 2450688, at *3 (W.D. Pa. Aug. 21, 2026). Yet Respondents also do not provide any specific evidence of their own for the Court to consider. *See* ECF No. 12, p. 12; *c.f. Nunez v. Oddo*, 2025 WL 2443437 (W.D. Pa. Aug. 25, 2025) (referencing Respondents' ability to provide

affidavits, declarations, or other evidence regarding conditions of confinement). As such, in the absence of a more developed record, this factor weighs in favor of neither party.

## IV. Conclusion

Because one factor weighs in Petitioner's favor, while three remain neutral, the Court concludes that Petitioner's detention under § 1226(a) has become unreasonably prolonged. As such, Petitioner is "therefore entitled to a new bond hearing at which the Government must prove, by clear and convincing evidence, that continued detention is necessary because Petitioner poses a danger to the community or a risk of flight." *Fadel*, 2026 WL 1649901, at *5; *see also German Santos*, 965 F.3d at 213-14.[2]

Accordingly, this 27th day of October 2026, it is hereby **ORDERED** as follows:

1. Petitioner's Motion to Cure Deficiencies on the Proceeding is **DENIED**, yet following the standard set in *German Santos*, Petitioner shall be afforded a second constitutionally adequate bond hearing before an Immigration Judge.
2. Respondents shall provide Petitioner with a second constitutionally adequate bond hearing before a neutral Immigration Judge within thirty (30) days of the entry of this Order. This timeline may be extended by Petitioner upon a motion to the Immigration Judge.
3. At this bond hearing, the Government must put forth clear and convincing evidence to support a finding that continued detention is needed to prevent Petitioner from fleeing or harming the community.

[2] Like other District courts in this Circuit, the Court finds that Petitioner may only appropriately be afforded a constitutionally adequate bond hearing before an Immigration Judge, rather than being granted immediate release. *See German Santos*, 965 F.3d at 210, 214 ("[W]hen detention becomes unreasonable, the Due Process Clause demands *a bond hearing*.") (quoting *Diop*, 656 F.3d at 233); *see also Fadel*, 2026 WL 1649901, at *5.

4. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

DATED: October 27, 2026

Marilyn J. Horan
United States District Court Judge